ELECTRONICALLY FILED
5/15/2023 4:33 PM
01-CV-2023-902344.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

FILED
2023 Jun-16 PM 04:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-2023-902344.00<br><br>Date of Filing:           Judge Code:<br>05/15/2023 |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**CHIQUITA R APOLLOS v. BUC-EE'S ALABAMA II, LLC**

**First Plaintiff:** ☐ Business   ☑ Individual         **First Defendant:** ☑ Business   ☐ Individual
                    ☐ Government ☐ Other                                 ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER
            R ☐ REMANDED              T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** DAV245          5/15/2023 4:33:46 PM          /s/ RYLEE HUNTER DAVIS
                                   Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☑ YES ☐ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

**EXHIBIT A**

DOCUMENT 2

Case 2:23-cv-00795-AMM   Document 1-1   Filed 06/16/23   Page 2 of 18

ELECTRONICALLY FILED
5/15/2023 4:33 PM
01-CV-2023-901644.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **CHIQUITA R. APOLLOS**, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO.: _____ |
| **BUC-EE'S ALABAMA II, LLC,** a foreign limited liability company; | ) ) ) |

**FICTITIOUS DEFENDANTS:** No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor at the premises in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to Chiquita R. Apollos and other invitees at the premises in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Plaintiff; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, Chiquita R. Apollos, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of

**this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Chiquita R. Apollos, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.**

                                                    )

**Defendants.**                                )

## PLAINTIFF'S COMPLAINT

### PARTIES

1.    Plaintiff, Chiquita R. Apollos (hereinafter "Plaintiff"), is an individual resident citizen of Fulton County, Georgia, and is over the age of nineteen (19) years of age.

2.    Defendant, Buc-ee's Alabama II, LLC (hereinafter "Defendant"), is a foreign limited liability company doing business in the State of Alabama.

3.    Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

## FACTS

4. On or about the 6th day of June 2021, Plaintiff was an invitee of Defendant in Leeds, Alabama in Jefferson County, when Plaintiff suffered a fall resulting from a liquid substance's presence near the entrance of the store.

5. The subject liquid substance was a hazardous condition.

6. Defendant was aware or should have been aware of the presence of the hazardous condition.

7. Defendant and/or employees of Defendant failed to remedy the dangerous condition and that failure caused Plaintiff to suffer harm.

8. Defendant and/or one or more of the other fictitious party defendants listed and described hereinabove, negligently, recklessly, and/or wantonly caused or allowed Plaintiff to fall and suffer injuries and damages to her person by failing to maintain its premises and/or failing to keep and maintain its premises free and clear of the hazardous condition of which they were aware or should have been aware of through their inspection of the premises for said hazardous condition. The Defendant, and one or more of the other fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous and/or dangerous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard of allowing the dangerous condition to be left and/or to remain on the premises in the path of invitees of Defendant, and were negligent and/or wanton in creating a hazard on the floor/ walkway on the premises in the path of guests and/or invitees of Defendant.

3

9. As a proximate consequence of the Defendants' negligent and wanton conduct Plaintiff sustained physical injuries and disabilities as set forth below.

## COUNT ONE - NEGLIGENCE

10. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

11. At the aforesaid time and place, Plaintiff was an invitee of Defendant in Leeds, Alabama in Jefferson County, when Plaintiff suffered a fall resulting from a wet floor.

12. Defendant's action(s) and/or omission(s) of the owner(s) and/or employee(s) of Defendant caused Plaintiff to suffer harm.

13. Defendant and one or more of the fictitious party defendants listed and described hereinabove, negligently caused or allowed Plaintiff to fall upon the floor of their premises due to their failure to keep and maintain their premises to be free and clear of the hazardous condition. Defendant and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating the hazard or not warning their patrons of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by guests, patrons or invitees. Further, Defendants, whether named herein or fictitiously described hereinabove, were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises and was a hazard to their guests or invitees.

14. As a proximate consequence of the negligence of Defendants, Plaintiff was injured, harmed, and damaged as follows:

4

(a) She suffered injuries to various portions of her body;

(b) She has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

(c) She has experienced and continues to experience mental anguish;

(d) She is reasonably certain to experience mental anguish in the future;

(e) She was knocked, shocked, bruised, and contused over various portions of her body;

(f) She was permanently injured, disfigured, and damaged;

(g) She was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(h) She was caused to incur out-of-pocket medical expenses;

(i) She is reasonably certain to incur personal injury medical expenses in the future; and

(j) She was caused to incur lost wages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Buc-ee's Alabama II, LLC and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it awards punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar wrongful acts.

## COUNT TWO – WANTONNESS

5

15.     Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

16.     At the aforesaid time and place, Plaintiff was an invitee of Defendant in Leeds, Alabama in Jefferson County, when Plaintiff suffered a fall resulting from the wanton action(s) and/or omission(s) of the owner(s) and/or employee(s) of Defendant.

17.     Defendant and one or more of the fictitious party defendants listed and described hereinabove wantonly caused or allowed Plaintiff to fall upon the floor at their premises and failed to keep and maintain its premises in a manner to be free and clear of the hazardous condition and to warn its invitees of the aforementioned conditions. The Defendant, and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, were wanton and/or reckless in creating the hazard on the floor in the path of guests or invitees and were wanton and/or reckless in affirmatively creating the hazard placed or allowed to remain on a route regularly used by its guests or invitees in a location that would likely lead to harm to its guests or invitees due to the location of the hazard.

18.     As a proximate and direct result of Defendants' wrongful conduct as specifically mentioned above, Plaintiff has been injured and damaged as stated in paragraph number fourteen (14) above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Buc-ee's Alabama II, LLC and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this

action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it awards punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar wrongful acts.

## COUNT THREE – PREMISES LIABILITY

19. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

20. Defendant and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the dangerous condition to be placed or to remain upon the premises in an area that was used by its guests or invitees to move around the business.

21. At the aforesaid time and place, Defendant and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place to traverse common areas on the premises. Further, if any defects in their owned or leased premises existed, Defendant and/or the other fictitious party defendants as listed and described hereinabove had the duty to warn its guests, patrons, or invitees of hazards of which it knew or should have known that were not easily discoverable by the guests, patrons, or invitees. Said Defendants negligently, wantonly, recklessly, and/or willfully breached these duties by failing to provide Plaintiff with a safe place to traverse common areas on the premises and by failing to warn her of the hazard and/or defect which she encountered which was known to them or which they negligently failed to detect in their

use, operation, and maintenance of and upon the premises. Said negligent, wanton, reckless, and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

22. Plaintiff avers that Defendants, whether named herein or fictitiously described in the caption hereinabove, negligently, wantonly, recklessly, purposely, intentionally, willfully, or by design caused injury to Plaintiff. The Defendants, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, negligently, wantonly, recklessly, and/or willfully caused or allowed the hazardous condition to remain in a main travel area and failed to remedy the hazardous condition and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

23. Plaintiff alleges that the injuries and damages were caused as a direct and proximate consequence of the negligent, willful, and/or wanton conduct and/or other wrongful conduct of the Defendants, and/or the fictitious party defendants listed and described hereinabove.

24. The aforesaid wrongful, negligent, willful, and/or wanton conduct of each of the above-described Defendants, including the fictitious party defendants, combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

25. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number fourteen (14) above.

       WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against

Defendant Buc-ee's Alabama II, LLC and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it awards punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar wrongful acts.

## COUNT FOUR - RESPONDEAT SUPERIOR

26.     Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

27.     Plaintiff avers and alleges that Fictitious Defendant 1-18 was the agent and employee of Defendant, and consequently, Defendant, and/or other fictitious defendants, are liable for any negligent and/or wanton acts or omissions committed by Fictitious Defendant 1-18 while he or she was acting within the line and scope of their employment.

28.     Fictitious Defendant 1-18 negligently and/or wantonly caused or allowed the Plaintiff to fall on the occasion made the basis of this lawsuit, as aforesaid.

29.     Fictitious Defendant 1-18 was acting within the line and scope of his or her employment on the occasion made the basis of this lawsuit.

30.     As a proximate consequence of the negligence and/or wantonness of Fictitious Defendant 1-18, Defendant and/or other fictitious defendants, are liable to Plaintiff for the damages set forth above in paragraph fourteen (14).

        WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Buc-ee's Alabama II, LLC and/or fictitious party Defendants listed and

described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it awards punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar wrongful acts.

    Respectfully Submitted,

    **/s/ Rylee H. Davis**
    Rylee Hunter Davis (DAV245)
    Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:      (205) 983-8126
Facsimile:  (205) 203-4098
Email:      rdavis@asilpc.com


**SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Buc-ee's Alabama II, LLC
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104



AlaFile E-Notice

01-CV-2023-901644.00

To: RYLEE HUNTER DAVIS
rdavis@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CHIQUITA R APOLLOS V. BUC-EE'S ALABAMA II, LLC
01-CV-2023-901644.00

The following complaint was FILED on 5/15/2023 4:33:52 PM

Notice Date:    5/15/2023 4:33:52 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

AlaFile E-Notice

01-CV-2023-901644.00

To: BUC-EE'S ALABAMA II, LLC
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CHIQUITA R APOLLOS V. BUC-EE'S ALABAMA II, LLC
01-CV-2023-901644.00

The following complaint was FILED on 5/15/2023 4:33:52 PM

Notice Date:    5/15/2023 4:33:52 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901644.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**CHIQUITA R APOLLOS V. BUC-EE'S ALABAMA II, LLC**

**NOTICE TO:** BUC-EE'S ALABAMA II, LLC, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
RYLEE HUNTER DAVIS,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 CLAIRMONT AVENUE SOUTH, BIRMINGHAM, AL 35205.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CHIQUITA R APOLLOS pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

05/15/2023       /s/ JACQUELINE ANDERSON SMITH       By: _____
*(Date)*            *(Signature of Clerk)*                *(Name)*

☑ Certified Mail is hereby requested.       /s/ RYLEE HUNTER DAVIS
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,
*(Name of Person Served)*          *(Name of County)*
Alabama on _____.
*(Date)*

_____    _____    _____
*(Type of Process Server)*    *(Server's Signature)*         *(Address of Server)*

                              _____    _____
                              *(Server's Printed Name)*      *(Phone Number of Server)*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
CHIQUITA R APOLLOS V. BUC-EE'S ALABAMA II, LLC

01-CV-2023-901644.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $8.58

Parties to be served by Certified Mail - Return Receipt Requested

BUC-EE'S ALABAMA II, LLC                                    Postage: $8.58
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104


Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested


Parties to be served by First Class Mail

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>BUC-EE'S ALABAMA II, LLC<br>2 NORTH JACKSON STREET<br>SUITE 605<br>MONTGOMERY, AL 36104 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>S/C<br><br>CV-23-901644 | |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7941 2305 0513 31 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☒ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>9589 0710 5270 0580 0772 08 | ☐ Mail<br>☐ Mail Restricted Delivery | |

PS Form 3811, July 2020 PSN 7530-02-000-9053                                                                                                 Domestic Return Receipt



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   BUC-EE'S ALABAMA II, LLC
   2 NORTH JACKSON STREET
   SUITE 605
   MONTGOMERY, AL 36104



9590 9402 7941 2305 0513 31

2. Article Number (Transfer from service label)

9589 0710 5270 0580 0772 08

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]  ☑ Agent
              ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   Michelle [illegible]          5-19-23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

   S/C

   CV-23-901644

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ [Mail]
☐ [Mail] Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt

USPS TRACKING #
MONTGOMERY AL 3...

9590 9402 7941 2305 0513 31

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
MAY 23 2023
JACQUELINE ANDERSON SMITH
CLERK

